BANK *v.* McCLURE

(*Jackson.* May 28, 1900.)

1. INTERPLEADER. *Bill in nature of, lies when.*

A bank that has transferred its depositor's fund to the credit of one claiming to be his executor, may thereafter, for its own safety and exoneration, and for the preservation of the fund, maintain a bill bringing the fund and all the claimants thereof into Court, averring that, since the transfer of the fund to the credit of such executor, it has discovered that he had fraudulently procured his appointment under a revoked will, by the suppression and destruction of the last and true will of the depositor giving said fund another destination and to a minor, and praying that the executor be enjoined from receiving or suing for said fund, that said last will be set up and established, and that the rights of the parties in the fund be ascertained and declared and the fund appropriated accordingly by decree. (*Post, pp. 608–613.*)

Case cited: Reeves *v.* Hager, 101 Tenn., 712.

2. DEVISAVIT VEL NON. *Chancery jurisdiction of.*

And such bill is not bad on demurrer objecting that it presents an issue of *devisavit vel non.* Chancery Courts have not, ordinarily, jurisdiction to try an issue of *devisavit vel non,* but, as a necessary incident of the exercise of their undoubted jurisdiction to set up and establish a will accidentally lost or fraudulently destroyed before probate. they may pass upon and determine the question of validity of the will. (*Post, pp. 611, 612.*)

Cases cited: Buchanan *v.* Matlock, 8 Hum., 390; Townsend *v.* Townsend, 4 Cold., 83; Smith *v.* Harrison, 2 Heis., 230; Morris *v.* Swaney, 7 Heis., 591; Wisener *v.* Maupin, 2 Bax., 354.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. JOHN L. T. SNEED, Ch.

SHEPHERD & MYERS for Bank.

GANTT & PATTERSON and CARROLL & McKELLAR for Defendants.

WILKES, J. This bill is not strictly a bill of interpleader, but one to have the Court direct the bank to whom to pay a fund on deposit in it, and to be protected in such payment, under a state of facts unusual and peculiar.

It was answered by the defendant, Alice Joyner, and was demurred to by Mrs. Sue T. McClure, and there was a formal answer by the minor defendant, Harry Sutcliffe, through his guardian *ad litem.*

The demurrer of Mrs. Sue T. McClure was overruled, and she has appealed to this Court and assigned errors.

The material allegations of the bill are that W. P. Jackman had on deposit in the complainant bank, when he died, a sum of $1,016.65; that after his death a paper writing, purporting to be his last will and testament, was found and was admitted to probate on the suggestion of the executrix named in it, Mrs. Sue T. McClure. A copy of this will is exhibited with the bill. It gives all the testator's property to testator's sisters, Mrs. Sue T. McClure and Mary Nicholas.

Soon after her qualification as executrix, Mrs. McClure produced to the bank certified copies of

her letters testamentary, and had the fund on deposit to the credit of Jackman transferred to her, as executrix, and again deposited it in the same bank in the name of W. V. McClure, as her agent and attorney in fact, and the same is now so deposited.

The bill further charges that said paper writing is not in fact the last will and testament of Jackman, but that just before his death he executed a different and another will, in which he gave to Harry Sutcliffe, a minor, $1,000, and to Alice Joyner $500, and the remainder of his estate to Mrs. Sue T. McClure, and that no executor was named in this will. The bill alleges that the execution of this last will may operate as a revocation of the previous will and render the probate thereof void, and that the bank is anxious to be protected in the payment of said sum to the proper party entitled to it; that it had no knowledge of this latter will when it made the transfer of funds, and that it had no interest in the fund except to pay it to the proper party and to be protected therein.

It further charges that when Mrs. Sue T. McClure, the executrix under the first will, had it probated, she and W. V. McClure, her agent and attorney in fact, knew of the existence of the latter will, and that an agreement was made, in

writing, that this latter will should be suppressed and destroyed, and the first will admitted to probate; that this agreement and the last will are in the possession of W. V. and Mrs. Sue T. McClure, and it is asked that they be required to produce them to the Court.

The bill also alleges that the complainant has notified W. V. McClure that it would not pay over to him the amount of the deposit, and that said McClure is threatening to bring suit to recover the same, and that it is advised that it would be unsafe, under these facts, to pay the amount to either the said W. V. McClure or Sue T. McClure, executrix. The bill prays for proper parties, the appointment of a guardian *ad litem* for the minor, Harry Sutcliffe, and an administrator *ad litem* upon the estate of Jackman, to represent the interest of the legatees under the last will, and that the defendants, especially W. V. McClure, be enjoined from bringing suit for the deposit, and that the bank be allowed to pay it into Court, so that the executrix under the first will and administrator *ad litem* under the last will may contest and set up their respective rights to the fund, and for all other and general relief.

As before stated, Alice Joyner, the legatee of the $500 bequest in the last will, answered that, even if the facts stated in the bill be true,

still she has received, in compromise and settlement, an adequate sum for all her interest in the estate, and with that she is content, and that she sets up no claim whatever under either of said wills of Jackman. She files her answer as a disclaimer of any interest in the controversy, and asks to be dismissed, with costs.

Without taking up the several grounds of demurrer separately, we are of opinion the action of the Chancellor in overruling the demurrer of Mrs. Sue T. McClure is correct.

This is not an action of *devisavit vel non*, either in fact or substance, which can be tried only in a law Court. The complainant is not seeking to set up or overthrow either will but merely asking protection against claims which threaten and promise conflict hereafter, and to be made safe in paying over the fund. But if this question should, under further proceedings by the administrator *ad litem* or the guardian *ad litem*, take the shape of an effort on the part of an administrator *ad litem* to set up a will lost or destroyed by accident or suppressed by fraud, such contest may be had in the Chancery Court. *Buchanan* v. *Matlock*, 8 Hum., 390; *Townsend* v. *Townsend* 4 Cold., 83; *Smith* v. *Harrison*, 2 Heis., 230; *Morris* v. *Swaney*, 7 Heis., 591; *Wisener* v. *Maupin*, 2 Bax., 354.

The demurrer admits, of course, the allegations

of the bill, to the effect that the will probated is not the real last will of the testator; that Mrs. Sue T. McClure is not his executrix; that she and her agent have suppressed the true and last will, and this under an agreement to substitute the first will in its place and stead and to destroy the latter one, and that this was not known when the funds were transferred to the credit of Mrs. McClure and her agent, W. V. McClure, but it now has such notice while the funds are still in its hands and virtually to the credit of the estate.

We think that the complainant, under the allegations of the bill, is clearly entitled to the protection of the Court in the payment of this fund, especially as against the claim which may hereafter be made by the minor, Sutcliffe, for paying out the funds after notice of the fraud and imposition, which must, under the demurrer, be taken to be true, and there is nothing in this holding in conflict with the ruling of the Court in *Reeves* v. *Hager,* 17 Pickle, 712, where the fund was innocently paid over without notice of any irregularity.

The decree of the Court below will be affirmed and cause remanded for answer and further proceedings. The appellants will pay the cost of appeal. If this fund had been withdrawn altogether from the bank when it was paid to

Bank *v.* McClure.

Mrs. McClure, the bank, having then no notice of the fraud or imposition, would have been protected in the payment, but inasmuch as the fund is still in bank, and the facts are known to it, it is entitled to have the protection of the Court by paying it into Court. If no counter claimant under the latter will sees proper to litigate for it, it can still be paid over to Mrs. McClure, and upon answer filed and all due parties before the Court, it can make such orders and decrees as the facts may justify.

Judge Beard does not concur in this opinion.